UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PAUL LEBLANC**                                            **CIVIL ACTION**

**VERSUS**                                                  **NUMBER: 11-593**

**BURL CAIN, WARDEN**                                       **SECTION: "B"(5)**

## ORDER AND REASONS

Before the Court is Petitioner Paul Leblanc's ("Petitioner") Objections (Rec. Doc. No. 22) to the Magistrate Judge's Report and Recommendation (Rec. Doc. No. 21), recommending that his *habeas corpus* petition under 28 U.S.C. §2254 be dismissed with prejudice. Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that the findings of the Magistrate Judge (Rec. Doc. No. 21) be **AFFIRMED**, and that Petitioner's application for federal *habeas corpus* review is **DISMISSED WITH PREJUDICE; further,** we decline issuance of a certificate of appealability based on below reasons as there is no substantial showing of a constitutional error in the state court proceedings.

Petitioner is currently a prisoner incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. (Rec. Doc. No. 21 at 1-2). He was charged by Bill of Information in the Twenty-Second Judicial District Court for the Parish of St. Tammany with possession of cocaine, a violation of La. R.S. 40:967C. (Rec. Doc. No. 1-1 at 2). Petitioner entered a plea of not guilty on December 4, 2002. *Id.* The matter was originally set for trial on January 3,

2003, but after a number of continuances and two mistrials, trial was held on October 28, 2003. *Id.* at 3. During this jury trial, Petitioner was found guilty as charged and sentenced to a term of five years at hard labor. (Rec. Doc. No. 21 at 2).

Thereafter, the State filed a habitual offender bill of information. (Rec. Doc. No. 1-1 at 2). At the conclusion of the proceeding held on January 12, 2004, the trial court found Petitioner to be a fourth felony offender and sentenced him to life imprisonment. *Id.* at 4. In the proceeding, the court found that Petitioner had three prior convictions:(1) A conviction for burglary on September 27, 1985, in Criminal District Court of Jefferson County, Beaumont, Texas; (2) Convictions for possession of marijuana, purse snatching, and theft over $500 on June 22, 1993, in the 22nd Judicial District in St. Tammany Parish[1], and (3) a Conviction for possession of cocaine on February 24, 1997 in the 262nd District Court in Houston, Texas. (Rec. Doc. No. 21 at 2). Petitioner then appealed his criminal conviction to the Louisiana First Circuit Court of Appeal. *Id.* at 3.

On December 17, 2004, the First Circuit affirmed Petitioner's conviction, but amended the habitual offender adjudication, vacated the sentence, and remanded the case to the trial court for resentencing. (Rec. Doc. No. 1-1 at 4). In vacating the sentence,

---

[1] For purposes of determining that the petitioner was a multiple offender, the trial court treated these three convictions on June 22, 1993 as one predicate offense.

the First Circuit found that the state did not meet its burden of proof regarding the 1985 burglary conviction in Beaumont, Texas. (Rec. Doc. No. 21 at 3). However, the First Circuit found that even though the state incorrectly used this conviction to enhance Petitioner's sentence, this error would not result in a change of Petitioner's fourth felony offender status. *Id.* The First Circuit relied on *State v. Johnson*, 2003-2993, p.17-18 (La. 10/19/04), 884 So.2d 568, 578-579 (overruling *State ex rel. Mims v. Butler*, 601 So.3d 649, 650 (La. 1992) (on rehearing),[2] which held that multiple convictions on the same date, though unrelated, can count as multiple offenses for habitual offender purposes. Thereby, the First Circuit used Petitioner's 1993 convictions as multiple offenses to find Petitioner a fourth felony offender. (Rec. Doc. No. 21 at 3).

On remand, the trial court resentenced Petitioner to life imprisonment on January 18, 2005. (Rec. Doc. No. 21 at 4). Subsequently, on April 29, 2005, the Louisiana Supreme Court denied Petitioner's writ application. *State v. Leblanc*, 901 So.2d 1063 (La. 2005). On July 26, 2005, the state district court granted Petitioner an out-of-time appeal concerning the resentencing. (Rec. Doc. No. 21 at 4). On June 9, 2006, the Louisiana First Circuit affirmed Petitioner's sentence and conviction. *State v. Leblanc*,

---

[2] *State v. Johnson*, 884 So.2d 568 (La. 2004) overruled *State ex rel. Mims v. Butler*, 601 So.2d 649 (La. 1992) and re-interpreted a 1982 amendment to LSA-RS 15:529.1.

931 So.3d 563 (Table), 2005-2344 (La. App. 1 Cir. 2006). Subsequently, the Louisiana Supreme Court denied Petitioner's writ application on January 26, 2007, and on March 23, 2007 denied Petitioner's request for rehearing. *State v. Leblanc*, 951 So.2d 1087 (La. 2007).

On May 16, 2008, Petitioner filed an application for state post-conviction relief. (Rec. Doc. No. 1-1 at 6). On October 16, 2009, the state district court issued a judgment with reasons denying Petitioner's request for post-conviction relief. *Leblanc v. Cain*, Docket No. 357107 (22nd Judicial District Court Oct. 26, 2009) (unpublished opinion). Subsequently, on February 4, 2011, the Louisiana Supreme Court denied Petitioner's writ application, *State v. Leblanc*, 57 So.3d 318 (La. 2011), and on April 8, 2011, denied Petitioner's application for rehearing. *State v. Leblanc*, 61 So.3d 673 (La. 2011).

On March 16, 2011, before the Louisiana Supreme Court ruled on Petitioner's application for rehearing, Petitioner, through counsel, filed the instant habeas corpus action. Petitioner raises the following two claims: (1) the retroactive application of the state's judicial reinterpretation of the habitual offender statute violates the Ex Post Facto Clause and deprived Petitioner of his due process rights; and, (2) Petitioner received ineffective assistance of counsel. In its opposition, the State concedes that Petitioner's habeas application was filed timely and secondly that

Petitioner has exhausted his state court remedies. (Rec. Doc. No. 21 at 6).

**Ex Post Facto Clause**

The Magistrate Judge found that the Petitioner failed to show a violation of his due process rights due to a violation of the Ex Post Facto Clause. (Rec. Doc. No. 21 at 10).  In *State ex rel. Mims v. Butler*, 601 So.2d 649 (La. 1992), the Louisiana Supreme Court interpreted LSA-RS 15:529.1 under Act 688 of 1982 to limit multiple convictions on the same date to be counted only as one predicate offense for habitual offender purposes. The Supreme Court stressed that this limitation applies even when the convictions stemmed from independent criminal incidents. *Id.* at 655.

On October 19, 2004, the Louisiana Supreme Court overruled *Mims*, and held that "under the habitual offender statute, multiple convictions obtained on same date based on unrelated conduct can be counted separately for sentence enhancement." *State v. Johnson*, 884 So.2d 568, 578 (10/19/04). In the instant case, the Petitioner argues that the application of the rule expressed in *Johnson* to his habitual offender adjudications associated with crimes committed before October 19, 2004, the date of the *Johnson* decision, violates the Ex Post Facto Clause which in turn violates his due process rights.

However, Petitioner's argument has been rejected by the U.S. Fifth Circuit. In *Butler v. Cain*, 327 Fed. Appx. 455, 456 (5th Cir.

2009), the Circuit panel applied a rule expressed by the United States Supreme Court in *Rogers v. Tennessee*, 532 U.S. 451 (2001). In *Rogers v. Tennessee*, the Supreme Court "restricted due process limitations on the retroactive application of judicial interpretations of criminal statutes to those that are unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." *Id.* at 462. Therefore, if the change to the Louisiana's Habitual Offender Law (LSA-R.S. 15:529.1)[3] was attributable to judicial re-interpretation and not legislative amendment, the *Tennessee* standard applies. *Id.* In *Cain*, the court determined that the "Louisiana Supreme Court merely reinterpreted the effect of a 1982 amendment to the statute," and the "Louisiana Supreme Court in *Johnson* gave the statute a different reasonable interpretation which was not unexpected and indefensible." *Cain*, 327 Fed. Appx. At 456. In particular, the Fifth Circuit reasoned that:

> The plain language of the statute itself does not contain a sequencing requirement. LA-RS §15:529.1. The statute was not amended during this time period between the Louisiana Supreme Court's decisions in *State ex rel. Mims v. Butler*, 601 So.2d 649, 650 (La. 1992), overruled by *State v. Johnson*, 884 So.2d 568 (La. 2004) and *Johnson*, 884 So.2d at 573-79.

*Butler*, 327 Fed. Appx. At 457.

Petitioner also asserts that the state courts misapplied Act 218 of 2005, which amended the habitual offender statute, LSA-R.S. 15:529.1(B). The amended statute reads as follows:

---

[3] LSA-R.S. 15:529.1(B) was subsequently amended in 2005.

> It is hereby declared to be the intent of this Section that an offender need not have been adjudged to be a second offender in a previous prosecution in order to be charged as and adjudged to be a third offender, or that an offender has been adjudged in a prior prosecution to be a third offender in order to be convicted as a fourth offender in a prosecution for a subsequent crime. Multiple convictions obtained on the same day prior to October 19, 2004, shall be counted as one conviction for the purpose of this Section.

Petitioner argues that because his case was on appeal when this amendment was ratified in 2005, he should receive the benefit of the amendment. Applying the amendment would require that the multiple convictions that took place on June 22, 1993, should only count as one predicate offense according to the amended statute.

Again, Petitioner's argument is without merit. In *Wilkerson v. Whitley*, 16 F.3d 64 (5th Cir. 1994), the court stated that "'[W]e do not sit as "super" state supreme court' in a habeas corpus proceeding to review errors under state law." This court stressed the requirement that there must be a federal constitutional violation, or the court will not address Petitioner's claim. *Id.* The Magistrate Judge also focused his attention on *Swarthout v. Cooke*, 131 S.Ct. 859, 861 (2011), which provides:

> The habeas statute 'unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. ___, ____ 131 S.Ct. 13, 15, 178 L.Ed.2d 276 (2010) (per curiam) (quoting 28 U.S.C. §2254(a)). "We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62,67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990).

**Ineffective Assistance of Counsel**

Petitioner next claimed that he received ineffective assistance of counsel for the following reasons:(1) Counsel called a damaging and irrelevant witness to testify at trial; (2) Counsel failed to prepare for and control petitioner's testimony;(3)Counsel failed to request a continuance or follow up when new testimony was presented at Petitioner's third trial, and (4) Counsel failed to present mitigating evidence in connection with petitioner's sentencing. (Rec. Doc. No. 21 at 13). The Magistrate Judge, in her Report and Recommendation, found that Petitioner failed to satisfy his burden of proof under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The United States Supreme Court in *Strickland* held that in order to prove the ineffective assistance of counsel, the defendant must satisfy a two-pronged test. *Id.*

First, Petitioner must show that "counsel's performance was deficient." *Id.* This showing requires that the "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Secondly, the Court held that the defendant must show that the counsel's deficient performance prejudiced the defendant. *Id*. When showing that counsel prejudiced the defendant, the defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Id.* at 694.[4] The Supreme Court noted that "unless a defendant makes both showings, it cannot be said that the conviction … resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

In the instant case, the Magistrate Judge went through each reason in turn under the *Strickland* test and found that the Petitioner failed to satisfy the two prong test under each of the Petitioner's reasons. (Rec. Doc. No. 21 at 14-21). First, the Magistrate Judge found that because the witness's testimony was irrelevant, Petitioner cannot validly claim that he was prejudiced by its unbelievability. *Id.* at 15.  Petitioner believes Joe Passman's testimony was "not...helpful" because he only offered Petitioner's employment history during his testimony. *Id.* at 14-15. Overall,*Id.* At 15. The Magistrate Judge found that Petitioner failed to satisfy the prejudice prong of *Strickland*'s two-prong test because of the irrelevancy of the testimony. *Id.*  In his objection, Petitioner contends that because Passman appeared in inmate clothing, did not provide Petitioner with an alibi, and had a significant criminal history, Passman's testimony was prejudicial to petitioner's case. Petitioner believes the testimony implies that Petitioner has the same character traits as Passman. (Rec. Doc. No. 22 at 7). Overall, because Petitioner contends that the

---

[4] In *Strickland*, the Supreme Court defined "reasonable probability" as "probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694.

testimony was irrelevant, he cannot also assert that it was prejudicial to his case, and this Court agrees with the conclusion of the Magistrate Judge.

Secondly, Petitioner contends that counsel failed to prepare him for trial and failed to control his (petitioner's) trial testimony. (Rec. Doc. No. 21 at 15). It is stated in the record that Petitioner took the stand against counsel's advice. (Rec. Doc. No. 22 at 6). In his objections, Petitioner contends that counsel allowed the witness--Petitioner--to give running narratives which resulted in irrelevant and prejudicial remarks. (Rec. Doc. No. 22 at 8). Although Petitioner's comments were not beneficial to his defense, these prejudicial comments were not made in response to defense counsel's actual questions. (Rec. Doc. No. 21 at 16). Therefore, because Petitioner's responses were not the fault of the defense counsel failing to prepare Petitioner to take the stand, or failing to control Petitioner during his testimony, he cannot satisfy the *Strickland* burden of proof, and this Court agrees with the conclusion of the Magistrate Judge. Petitioner ignored his counsel's good advice with only himself to blame for that error.

Third, the Magistrate Judge agrees with the trial court concerning the "new" testimony of Officer Fremin. *Id.* at 19. During the third trial, there was discussion that Officer Fremin's testimony changed between Petitioner's prior trials and the third trial. *Id.* The trial court noted that "this 'new' testimony could not be said to reflect a changed version of events." *Id.* In

particular, the trial court explained that "if nobody asked [Officer Fremin] the question the last time, then he wouldn't have testified to it. So that [i.e. the new testimony] doesn't make any difference." *Id.* Petitioner argues that defense counsel failed to request time to investigate the issue that Officer Fremin gave new testimony at the third trial. (Rec. Doc. No. 22 at 7). Specifically, Petitioner contends that defense counsel did not take notes during the previous trials, did not request transcripts from those trials, and ultimately failed to request a recess or a continuance. *Id.* Ultimately, Petitioner has not offered any prior trial excerpts establishing the discrepancies between Officer Fremin's multiple testimonies. (Rec. Doc. No. 21 at 19). Agreeing with the trial court, this Court finds that Petitioner failed to satisfy his burden of proof with this claim of ineffectiveness. The state court did not commit constitutional error here.

Fourth, Petitioner contends that the failure to gather and present mitigating evidence of: Petitioner's drug addiction and treatment efforts; no history of offenses involving weapons; no convictions for drug distribution, and family support from his brother, resulted in the imposition of a life sentence. (Rec. Doc. No. 22 at 8). Even though defense counsel failed to present the above-described evidence, the mitigating evidence is not enough to challenge the imposition of a life sentence. The trial court was previously instructed of Petitioner's criminal history. Further,

family support is "not unusual and generally presumed." (Rec. Doc. No. 21 at 21). There is no showing that the outcome would have likely been different at either the guilt or sentencing phase of the state court proceedings. Therefore, Petitioner failed to satisfy his burden of proof on this claim.

Accordingly, objections to the Magistrate Judge's Report and Recommendation are **OVERRULED;** the report is adopted as the Court's opinion, **DISMISSING** the instant *habeas* petition. Further, the issuance of a certificate of appealability is **DENIED** for failure to show substantial likelihood of success on asserted constitutional claims.

New Orleans, Louisiana this 18th day of June, 2012

UNITED STATES DISTRICT JUDGE